1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8
9

JUSTIN J. LERMA,                          CASE NO.    1:11-cv-00533-LJO-MJS

10
                              Plaintiff,        ORDER DENYING PLAINTIFF'S REQUEST
11                                              FOR RECONSIDERATION OF REMAND

12      v.

13   JON LEE ARENDS, et al.,
                                                (Doc. 28)
14                            Defendants.

15   _____/

16
17
18   **I.    INTRODUCTION**

19          Plaintiff, Justin J. Lerma,[1] seeks reconsideration of the Order (ECF No. 26) denying

20   Plaintiff's Motion for Remand in this employment discrimination and wrongful termination

21   action. Plaintiff asserted in the Motion that Defendant URS Federal Support Services'

22   Notice of Removal was untimely and therefore improper. For the reasons discussed below,

23
24   this Court DENIES the Request for Reconsideration and to set aside remand.

25   _____

26          [1] It is noted that Petitioner's father, Carlos Manuel Lerma, has filed a nearly identical matter in a
     separate case. See Lerma v. Arends, 11-cv-00536-LJO-MJS. Both cases follow the same procedural
27   history and are subject to the same request for reconsideration of the order denying remand.

-1-

## II.   BACKGROUND

### A.   Procedural History Regarding Service of Complaint

On December 21, 2010, Plaintiff filed his Complaint against defendant Arends and URS Corporation in Fresno County Superior Court alleging defamation, racial discrimination under the Fair Employment and Housing Act ("FEHA") and other claims, including intentional infliction of emotional distress. On January 10, 2011, URS Corporation was personally served with the summons and Complaint; Arends was served on January 16.

On February 4, 2011, defense counsel informed Plaintiff that URS Corporation was improperly named and served and that the proper defendant was URS Federal Support Services ("URS FSS"). Defense counsel also informed Plaintiff's counsel that she intended to remove the case to Federal Court based upon diversity jurisdiction once the correct corporate entity was joined.  The parties stipulated to provide Defendants until February 24, 2011, to file a responsive pleading.  On February 23, 2011, after further discussions, Plaintiff's counsel voluntarily amended the state court action to substitute URS FSS for URS Corporation as the proper corporate Defendant. He did so, in part, in return for Defense counsel's agreement to accept service on behalf of the Defendants.  On that same date Plaintiff's counsel sent a copy of the Amended Complaint by mail to defense counsel and provided a courtesy copy by e-mail. However, no amended summons or notice of acknowledgment of receipt accompanied the mailing of the Amended Complaint.

On March 16, 2011, at Defendants' request, Plaintiff's counsel mailed an Acknowledgment of Receipt of Summons form to defense counsel.  Defense counsel signed and returned it, and on March 21, 2011, Plaintiff filed it with the California Superior

Court.  Defendant URS FSS responded to the Amended Complaint on March 29, 2011, with an Answer and a Notice of Removal. On April 25, 2011, Plaintiff filed the instant Motion to Remand.

**B.   Removal**

Defendant URS FSS removed the matter based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff challenged the timeliness of removal under 28 U.S.C. § 1446(b), not the diversity basis for it. Specifically, Plaintiff alleged that February 23, 2011, the date Plaintiff filed and sent to Defendant's counsel the Amended Complaint, started the time within which removal could be sought, and therefore that the Notice of Removal filed on March 29, 2011, 34 days later, was four days too late. In response, URS FSS argued that the time for calculating removal did not start to run until at least March 16, 2011, when the Notice and Acknowledgment of Receipt were received, signed and returned, and therefore that the March 29, 2011 removal was timely.

At hearing, Magistrate Judge Michael J. Seng denied the Motion to Remand. Judge Seng relied on the reasoning of Murphy Bros., Inc. v Michetti Pipe Stringing, Inc., 526 U.S. 344, 356 (1999), and held the thirty day period to remove the matter did not begin to run until URS FSS was formally served with the Amended Complaint, regardless of the fact that URS FSS was provided a copy of the Amended Complaint before it was served.  See Murphy Bros., Inc., 526 U.S. at 347 ("[A] defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."). Judge Seng further held that in California a party is brought within the court's jurisdiction by proper service of process in accordance with the provisions of the California Code of Civil Procedure. Accordingly, in a case involving service by mail, service is not effective until a

-3-

Notice of Acknowledgment of receipt is signed. As this did not occur until March 16, 2011, and the Notice of Removal was filed on March 29, 2011, Judge Seng found the notice timely and denied the Motion for Remand.

**III.    DISCUSSION**

    **A.    Ability of a Magistrate Judge to Decide a Motion for Remand**

"The Federal Magistrates Act, 28 U.S.C. §§ 631-39, governs the jurisdiction and authority of federal magistrates." United States v. Reyna-Tapia, 328 F.3d 1114, 1118 (9th Cir. 2003) (en banc). The Act allows the district court to assign Magistrate Judges certain enumerated duties, as well as any "additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Local Rule 302(a) provides that Magistrate Judges may perform all duties permitted by 28 U.S.C. § 636(a), (b)(1)(A), or other law where the standard of review of the Magistrate Judge's decision is clearly erroneous or contrary to law.  Local Rule 302(a) also provides that, while specific duties are enumerated in Local Rule 302 subsections (b) and (c), "those described duties are not to be considered a limitation of this general grant."  Further, Local Rule 302(d) looks upon applications, such as the one presented here, with "disfavor."  Local Rule 302(d) ("Applications for retention of such matters, however, are looked upon with disfavor and granted only in unusual and compelling circumstances.").

The Ninth Circuit has not taken a position on whether motions to remand are dispositive and deprive a Magistrate Judge of jurisdiction. Some other Circuits found such motions dispositive. See, e.g., Williams v. Beemiller, Inc., 527 F.3d 259, 264-266 (2d Cir. 2008); Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-17 (6th Cir. 2001) (noting a lack of decisions from other circuits).

However, other courts have found motions to remand to be non-dispositive motions. See, e.g., Delta Dental of Rhode Island v. Blue Cross & Blue Shield of Rhode Island, 942 F.Supp. 740, 745 (D.R.I. 1996); Bellocchio v. Enodis Corp., 499 F.Supp. 2d 254 (E.D.N.Y. 2007);  Wachovia Bank, N.A. v. Deutsche Bank Trust Co. Americas, 397 F.Supp. 2d 698 (D.C.N.Y. 2005); see generally Peter J. Gallagher, In Search of a Dispositive Answer on Whether Remand is Dispositive, 5 Seton Hall Cir. Rev. 303, 304 (Spring 2009) ("Nearly every district court has treated remand as nondispositive and thus within the scope of this authority, but all four circuit courts that have confronted the issue have deemed remand dispositive and thus beyond the scope of a magistrate's authority.").

This Court finds that the Motion to Remand is not a dispositive motion.  The decision on a motion to remand merely answers the question of whether there is basis for federal jurisdiction to support removal, and as such, a remand order is not "dispositive of a claim or defense of a party." Remand transfers the action to a different forum rather than finally resolving substantive rights and obligations of parties.  Accordingly, the Motion to Remand is not dispositive and findings and recommendations are not necessary to resolve the motion.

**B.    Standard Of Review**

Plaintiff seeks reconsideration of remand in that  Murphy Bros., Inc., 526 U.S. 344, is not applicable and that service was effectuated on February 23, 2011, making the March 29, 2011 Notice of Removal untimely. Plaintiff objected to the order, pursuant to Fed. R. Civ. P. 72(a) and seeks de novo reconsideration of the order of the Magistrate Judge.

A district court may refer pretrial issues to a magistrate judge under 28 U.S.C. § 636 (b)(1). See Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). A magistrate

judge may make rulings regarding the resolution of non-dispositive motions, but such rulings

may be reviewed by the district court de novo. See 28 U.S.C. §§ 636(b)(1)(A); Fed. R. Civ.

P. 72(a); Bhan, 929 F.2d at 1414; see also Grimes v. City of San Francisco, 951 F.2d 236,

240-241 (9th Cir. 1991). If a party objects to a pretrial ruling by a magistrate judge, the

district court will review or reconsider the ruling under the "clearly erroneous or contrary to

law" standard. Fed. R. Civ. P. 72(a); Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir.

2002); Grimes, 951 F.2d at 240-241. A magistrate judge's factual findings are "clearly

erroneous" when the district court is left with the definite and firm conviction that a mistake

has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999,

1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003). However, the

district court "may not simply substitute its judgment for that of the deciding court." Grimes,

951 F.2d at 241.  The "contrary to law" standard allows independent, plenary review of

purely legal determinations by the magistrate judge. See Haines v. Liggett Group, Inc., 975

F.2d 81, 91 (3rd Cir.1992); Green, 219 F.R.D. at 489; see also Osband, 290 F.3d at 1041.

"A decision is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case

law or rules of procedure.'" Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553,

556 (D. Minn. 2008); Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y.

2007); Surles v. Air France, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); see Adolph Coors

Co. v. Wallace, 570 F.Supp. 202, 205 (N.D. Cal. 1983). "Motions for reconsideration and

objections to a Magistrate Judge's order are not the place for a party to make a new

argument and raise facts not addressed in his original brief." Jones v. Sweeney, 2008 U.S.

Dist. LEXIS 83723, *4 (E.D. Cal. Aug. 21, 2008); see Paddington Partners v. Bouchard, 34

F.3d. 1132, 1137-38 (2d Cir. 1994); Campbell v. Cal. Dep't of Corr. & Rehab., 2009 U.S.

Dist. LEXIS 71284, *2 (E.D. Cal. Aug. 4, 2009); United States Fire Ins. Co. v. Bunge N. Am., Inc., 244 F.R.D. 638, 641 (D. Kan. 2007). With these standards in mind, this Court turns to Plaintiff's challenges to remand.

**C.    Analysis**

1.    Service of the Amended Complaint

Plaintiff has objected that the Magistrate Judge's decision is contrary to relevant law regarding removal.

As an initial matter, the Magistrate Judge issued an oral order on the record during the hearing. Where a Magistrate Judge is considering a pretrial matter not dispositive of a party's claim, Fed. R. Civ. P. 72(a) does not require the Magistrate Judge to issue a written order. The comments to Rule 72(a) state, "An oral order read into the record by the magistrate will satisfy this requirement [to preserve the record and facilitate review]." See also Jain v. Memphis-Shelby County Airport Auth. & Serv. Mgmt. Sys., 2010 U.S. Dist. LEXIS 8032, 9-10 (W.D. Tenn. Jan. 29, 2010). As such, an oral order was appropriate, and the Court shall determine if the order was clearly erroneous or contrary to law.

As stated, the only issue raised by Plaintiff in the underlying Motion for Remand and in the present Request for Reconsideration is that the Notice of Removal was untimely. Here, Plaintiff asserts that while the Magistrate Judge referenced the appropriate law, such law was wrongly applied.

Magistrate Judge Seng relied upon Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 356 (1999), in denying the motion to remand. In Murphy Brothers, the Supreme Court addressed "whether the named defendant must be officially summoned to appear in the action before the time to remove begins to run. Or, may the 30-day period

start earlier, on the named defendant's receipt, before service of official process, of a 'courtesy copy' of the filed complaint faxed by counsel for the plaintiff?" Id. at 347.

In answering the question, the Supreme Court held:

> We read Congress' provisions for removal in light of a bedrock principle: *An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.* Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*. (Emphasis added.)

Id. at 347-348. Finally, in concluding, the Supreme Court further reasoned, "In sum, it would take a clearer statement than Congress has made to read its endeavor to extend removal time (by adding receipt of the complaint) to effect so strange a change - to set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights slip away before service of a summons, i.e., before one is subject to any court's authority." Id. at 356.

Here, Plaintiff asserts that Murphy Brothers is different from the present case. Specifically Plaintiff asserts that Arends and URS Corporation (the wrongly named party) had previously been properly served with the original Complaint. Once served, they were provided an extension of time to respond to the Complaint and at that time they urged Plaintiff to amend the Complaint to substitute URS FSS for URS Corporation. Further, Plaintiff focuses on the close relationship between URS Corporation and URS FSS; URS FSS is a wholly owned subsidiary of URS Corporation and represented by the same counsel. Finally, Plaintiff describes how defense counsel agreed to accept service on behalf of URS FRS, and received an e-mailed copy of the Amended Complaint on Feburary 23,

2011.

Despite his protestations, Plaintiff does not address the fact that the Amended Complaint was not properly served on URS FSS until March 16, 2011. The Supreme Court in Murphy Brothers, held that the time for removal only began once a defendant was formally served with a copy of the complaint. Murphy Bros., 526 U.S. at 356. A "courtesy copy" sent to the defendant prior to proper service is not sufficient. Id.; see also Piazza v. EMPI, Inc., 2008 U.S. Dist. LEXIS 28136, *18-22 (E.D. Cal. Feb. 28, 2008); Medrano v. Genco Chain Solutions, 2011 U.S. Dist LEXIS 2315, *44-47 (E.D. Cal. Jan. 11, 2011).

In California, a party is brought within the Court's jurisdiction by proper service of process in accordance with the provisions of the California Code of Civil Procedure.  In a case involving service by mail, service is not effective until a notice of acknowledgment of receipt is signed. California Code of Civil Procedure § 415.30(a) provides: "A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." "Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Code Civ. Proc. § 415.30(c). Here, the acknowledgment was not signed until March 16, 2011.

 Plaintiff does not claim that service was formally effectuated on URS FSS on February 23, 2011.  He has provided no other authority for the claim that the time for removal starts before formal service is effectuated. Despite the close relationship of URS

Corporation and URS FSS, proper service was required to involve URS FSS in the present action. Counsel for URS FSS agreed to accept service on behalf of the client, however it did not waive the right to receive formal service of the Amended Complaint. Accordingly, the Magistrate Judge's finding that the Notice of Removal was timely was not "clearly erroneous or contrary to law". <u>See</u> Fed. R. Civ. P. 72(a).

2.    <u>Did Defendant URS FSS Generally Appear in the Matter?</u>

Plaintiff also asserts in his Request for Reconsideration that Defendant URS FSS made a general appearance under California Code of Civil Procedure § 410.50(a) when its counsel agreed to accept service of the Amended Complaint on behalf of URS FSS. The issue of general appearance was first raised in Plaintiff's reply brief. (Reply at 4-5, ECF No. 25.) Reply papers should be limited to matters raised in the opposition papers. It is improper for the moving party to introduce new facts or different legal arguments in the reply brief than presented in the moving papers. <u>See</u> <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 894-895, 110 S.Ct. 3177, 3192, 111 L. Ed. 2d 695 (1990) (court has discretion to disregard late-filed factual matters); <u>Zamani v. Carnes</u>, 491 F.3d 990, 997 (9th Cir. 2007) ("district court need not consider arguments raised for the first time in a reply brief"); <u>Ojo v. Farmers Group, Inc.</u>, 565 F.3d 1175, 1186, fn. 13 (9th Cir. 2009); <u>Clark v. County of Tulare</u>, 755 F. Supp. 2d 1075 (E.D. Cal. 2010). Here, Plaintiff  raised a new and different issue which was not briefed in the moving papers nor raised in the opposition. Accordingly, it was not clearly erroneous or contrary to law for the Magistrate Judge to disregard this argument as it was improperly raised in the reply papers.

///

///

-10-

3.    Assertion that Federal Law Rather than California Law Governs

Procedure

URS FSS, in its opposition to the Motion for Remand, asserts that even if service of

the Amended Complaint was effectuated by being mailed on February 23, 2011, the Notice

of Removal was still timely due to the application of California procedural rules that allow

for five extra days of service. Plaintiff now argues that Federal Rule of Civil Procedure 6

applies, and the Notice of Removal is untimely. Both arguments are based on the

assumption that service by mail was properly effectuated on February 23, 2011. As the

Court has previously determined that service was not effectuated until March 16, 2011, the

argument lacks merit. The Magistrate Judge's decision to deny this argument was not

clearly erroneous or contrary to law.

## IV.    CONCLUSION AND ORDER

For the reasons discussed above, this Court, after independent review, ADOPTS in

full the remand order and DENIES Plaintiff reconsideration relief. The remand order is

neither clearly erroneous nor contrary to law in that it correctly applied the pertinent legal

authority.

IT IS SO ORDERED.

Dated:    **June 22, 2011**                          **/s/ Lawrence J. O'Neill**
                                                UNITED STATES DISTRICT JUDGE

-11-