M. Greg Mullanax #155138
LAW OFFICE OF M. GREG MULLANAX
2140 North Winery Avenue, Suite 101
Fresno, California 93703
Tel: (559) 420-1222
Fax: (559) 354-0997
Email: gmullanax@gmail.com

Attorney for Plaintiff JUSTIN J. LERMA

Francis J. Ortman, III #213202
Andrea de Koning #253715
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, California 94105-2930
Tel: (415) 397-2823
Fax: (415) 397-8459
Email: fortman@seyfarth.com / adekoning@seyfarth.com

Attorneys for Defendant
URS FEDERAL SUPPORT SERVICES, INC.

Mark D. Kruthers #179750
Matthew T. Besmer #269138
DOWLING, AARON & KEELER, INC.
8080 North Palm Avenue, Third Floor
P.O. Box 28902
Fresno, California 93729-8902
Tel: (559) 432-4500
Fax: (559) 432-4590
Email: mkruthers@daklaw.com / mbesmer@daklaw.com

Attorneys for Defendant JON LEE ARENDS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN J. LERMA,<br><br>Plaintiff,<br><br>vs.<br><br>JON LEE ARENDS, an individual, URS FEDERAL SUPPORT SERVICES, INC., a business entity, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 1:11-cv-00533-LJO-MJS<br><br>**STIPULATION AND ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**<br><br>Complaint Filed: December 21, 2010 |



**I.**

**STIPULATION**

**WHEREAS**, in the course of this action, disclosure may be sought or made of information which the parties or a third-party regard as being confidential, private, a trade secret, or proprietary in nature; and

**WHEREAS**, the parties desire to establish a mechanism to protect the disclosure of such confidential, private, trade secret, or proprietary information in this action.

**IT IS HEREBY STIPULATED** by and among Plaintiff JUSTIN J. LERMA ("Plaintiff") and Defendants URS FEDERAL SUPPORT SERVICES, INC. and JON LEE ARENDS and (collectively "Defendants") by and through their attorneys of record, that the following should govern the disclosure of confidential, private, trade secret and proprietary information in this action during the course of discovery and respectfully jointly request that the Court enter this Proposed Order Governing the Designation and Handling of Confidential Materials (the "Order").

**DEFINITIONS**

For purposes of this Stipulation, the following definitions shall apply:

1. "Party" means every party to this action, as well as any third-party, and every director, officer, employee and agent of every party or third-party.

2. "CONFIDENTIAL" is a designation that any Party may apply to information which it believes, in good faith, to constitute, contain, reveal or reflect confidential or privileged information protected by applicable state and/or federal law, such as employee medical records, compensation, salary, personnel records, trade secrets and other confidential research, development, commercial or personal information relating to its business or which was disclosed to it in confidence by any third-party, the disclosure of which to the general public could adversely prejudice that Party.

Information will not be deemed "CONFIDENTIAL," and the Parties shall use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof:

DOWLING AARON KEELER
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

a. is at the time of disclosure, or subsequently becomes through no wrongful act or failure to act on the part of the receiving Party, generally available to the relevant public; or

b. is disclosed to the receiving Party by a third-party without breach of an obligation of confidence.

3. "Confidential Information" means any information which is properly designated "CONFIDENTIAL" as described above.

4. "Designating Party" means any Party disclosing during this action information which is designated "CONFIDENTIAL" by said Party.

5. "Counsel of Record" includes the following law firms and any law firms retained by a third-party in connection with disclosure of Confidential Information hereunder, including all attorneys, paraprofessionals, clerks, and secretaries employed by such law firms:

a. LAW OFFICE OF M. GREG MULLANAX;

b. SEYFARTH SHAW LLP; and

c. DOWLING, AARON & KEELER, INC.

**DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**

**1. Materials Subject to Designation.**

All originals or copies, of transcripts of depositions (regardless of medium of transcription), exhibits, answers to interrogatories and requests for admissions, and all documents, materials, tangible things and information obtained through discovery by inspection of files or facilities, production of documents and things, or otherwise obtained pursuant to this action, may be designated by the Party producing, providing, or disclosing these materials in conformity with the definitions set forth above.

**2. Manner of Designating Confidential Information.**

a. A Party shall designate documents containing Confidential Information by placing a legend on each page of any document that the Party wishes to protect against disclosure or use, or in the case of computer disks or tape, on the cover or container of the disk or tape. This legend shall state "CONFIDENTIAL" and documents so designated shall

be treated according to their designation, as set forth in Paragraph 3 below. A designation of Confidential Information as to anything for which inspection or sampling is allowed shall be made by placing a "CONFIDENTIAL" legend on the thing or container within which it is stored, or by some other means of designation agreed upon by the Parties. With the exception of Section 2(b) immediately below, all documents and things shall be marked prior to the provision of physical copies of these documents and things to counsel for the receiving Party.

b. A Party may, within ten (10) days after this Stipulation is fully executed, designate as "CONFIDENTIAL" any previously produced documents in discovery that contain information listed in definition of "CONFIDENTIAL" herein, and will provide written notice of such designations to every other Party.

**3. <u>Treatment of Confidential Information</u>.**

a. Information designated as "CONFIDENTIAL," and all information derived from the information so designated (excluding such information as is derived lawfully from an independent source without reference to or reliance on the designated information) shall not be disclosed, given, shown, made available or communicated in any way to any person or entity other than: Counsel of Record; Plaintiff and Defendants; the Designating Party as per Paragraph 11 below; authors and recipients, as per Paragraph 12 below; deponents and designated persons testifying during the course of depositions taken in the action as provided by Paragraph 8 below; the persons to whom disclosure is permitted under the terms of Paragraphs 4, 5 and 9 below; and the officers, directors, attorneys, and managers of the Parties who are working directly on this litigation, to whom it is necessary that the information be disclosed for the purposes of this litigation, and who have executed and delivered to Counsel of Record making the disclosure of the Confidentiality Agreement in the form attached to this Stipulation as Exhibit "A." Information designated as "CONFIDENTIAL" and all information derived from the information so designated (excluding such information as is derived lawfully from an independent source without reference to or reliance on the designated information) shall be used only for the purposes of this litigation and shall not be used for any other purpose whatsoever.



**4. Outside Experts and Retained Consultants.** Information designated as "CONFIDENTIAL" may also be shown to outside experts or consultants, together with their clerical personnel, who have been retained by a Party in connection with preparation for trial or for trial in this action.

**5. Request for Additional Disclosure.** If any Counsel of Record desires to give, show, make available or communicate to any person apart from those permitted under Paragraphs 3 and 4 above any information designated as "CONFIDENTIAL" that counsel shall first obtain the written consent of the Designating Party through such Party's Counsel of Record or, if written consent is withheld, a court order authorizing such disclosure. Each person to whom the Confidential Information is to be given, shown, made available or communicated pursuant to this paragraph must first execute a written Confidentiality Agreement, in the form attached to this Order as Exhibit "A," a copy of which shall be sent to the Designating Party prior to any disclosure. Only after all of the foregoing conditions have been fully satisfied may the Confidential Information be given, shown, made available or communicated to any person other than those permitted under Paragraphs 3 and 4 above. Nothing contained herein shall be construed to restrict or limit the rights of the Parties in another action to conduct discovery or the subpoena power of another court.

**6. Record of Disclosure.** Any Counsel of Record making any disclosure to any person required to sign a Confidentiality Agreement under the terms of this Stipulation shall retain the original of the Confidentiality Agreement signed by such person. The original Confidentiality Agreements shall be made available for inspection and copying by any opposing Counsel of Record upon written request.

**7. Maintenance of Designated Information.** Counsel of Record who have received Confidential Information that is provided pursuant to this Stipulation shall maintain such Confidential Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information, so as to prevent the unauthorized or inadvertent disclosure of any of it.

/ / /

**8. Manner of Designating Depositions.** Should Counsel of Record for a party believe that any question posed to a witness at deposition upon oral examination will disclose Confidential Information, or that answers to any question will require such disclosure, or that documents designated as containing Confidential Information will be used as exhibits during examination, said counsel can identify on the record that questions concerning designated Confidential Information are being asked or documents containing Confidential Information are being utilized and designate the deposition and resulting transcript as "CONFIDENTIAL." Unless otherwise ordered by this Court, the Designating Party or the receiving Party shall have the right to have all persons, except the person testifying in the deposition and his or her counsel, Counsel of Record for the Parties, the court reporter, and such other persons as are permitted under the terms of this Order Stipulation to have access to Confidential Information, excluded from a deposition designated as "CONFIDENTIAL" during the taking of the testimony designated pursuant to this Order.

**9. Court Reporters/Videographers.** Any court reporter/videographer shall be entitled to hear Confidential Information and receive and handle exhibits containing Confidential Information as necessary or appropriate for the performance of his or her duties.

**10. Filing Documents with the Court.** If, after a Party receives information designated "CONFIDENTIAL" by another Party and it appears to the receiving Party that papers containing Confidential Information must be filed with the Court, the receiving Party shall redact all identifying information from the proposed filing. Identifying information includes, but is not limited to, names, addresses, phone numbers, social security numbers, tax identification numbers, driver license numbers, and all financial and bank account numbers. If it appears to the receiving Party that it is unable or unwilling to redact all identifying information contained within the proposed filing, such receiving Party shall first notify Counsel of Record for the Designating Party in writing, providing its reasons for its inability or unwillingness to redact all identifying information or file the proposed filing under seal with the Court. If, after five (5) calendar days after such notice is given, the Parties have been unable to reach an agreement as to whether the identifying information should be redacted or whether the papers containing



Confidential Information should be filed with the Court under seal, and the receiving Party proceeds to file papers containing Confidential Information without redacting all identifying information, the Designating Party who in good faith believes that lodging or filing under seal is required may, within ten (10) business days of learning of the filing or lodging, file an application with the Court to treat the filing as having been filed or lodged under seal. Notice of such request shall be given to all Parties. Nothing in this provision relieves a Party of liability for damages caused by failure to properly redact or file documents containing Confidential Information under seal.

**11. No Effects on Party's Own Use.** Nothing contained in this Stipulation shall affect any right of a Party to disclose or use any information designated and produced by it as "CONFIDENTIAL" or the right of any party to show such information to officers, directors, employees, agents, partners, or attorneys of the Designating Party.

**12. No Effect on Disclosure to Author or Addressees.** Nothing contained in this Stipulation shall prevent, limit or otherwise restrict any Party from disclosing any information designated "CONFIDENTIAL" to any author or prior recipient of a document containing the information.

**13. Legal Effect of Confidentiality Designations.** Neither the designation by a Party of any document, material or information as "CONFIDENTIAL" nor treatment by a Party of any such document, material or information in conformity with such designation shall constitute or be construed in any way as an admission or agreement by any non-Designating Party that the designated disclosure constitutes or contains any trade secret, propriety information or Confidential Information.

**14. Final Disposition of Action.** Upon the final disposition of this action, each Counsel of Record shall upon request: (a) promptly return to Counsel of Record for the Designating Party, at the expense of Designating Party all documents and things designated "CONFIDENTIAL" and all copies made of such documents and things, including all electronic copies of documents stored on databases maintained for discovery purposes; and (b) promptly destroy or see to the destruction of all writings related to Confidential Information, including but



not limited to notes, analyses, memoranda or reports provided to or by any other persons, and certify to the Designating Party that such destruction has been done. As an exception to the above, Counsel of Record may retain a single file copy of any document filed with the Court, any written discovery response, a transcript of any deposition testimony, together with all exhibits to that transcript, and a database containing electronic copies of documents designated "CONFIDENTIAL." The copy of these retained documents shall continue to be treated as "CONFIDENTIAL" and Counsel of Record shall immediately notify opposing Counsel of Record of any attempt by third parties to inspect or copy said documents.

**15. Motion for Relief from Designation.** If, at any time, after a Party receives information designated "CONFIDENTIAL" by another Party, it appears to the receiving Party that any such information is not entitled to the "CONFIDENTIAL" designation, such receiving Party shall first notify Counsel of Record for the Designating Party in writing, providing its reasons for challenging the designation. A receiving Party may make such objection at any time during this litigation. If, after five (5) calendar days after such notice is given, the Parties have been unable to reach an agreement as to whether the information should be treated as "CONFIDENTIAL," the receiving Party will have to notify the Designating Party as to whether the receiving Party intends to bring a motion with the Court to have the Court determine whether such designated information is appropriately designated as "CONFIDENTIAL." The receiving Party will then have seven (7) calendar days to notice the motion at which point the motion and any required briefing will proceed as required by the Court's Local Rules. Until such motion has been decided, the information shall be treated as and considered properly designated.

**16. Survival of Terms.** Absent written modification by the Parties or further order of the Court, the provisions of this Stipulation that restrict the disclosure and use of Confidential Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Stipulation. However, no modification by the Parties shall have the force or effect of a Court Order unless the Court approves the modification.

/ / /



**17.** **Effect on Discovery.** This Order shall not preclude or limit the right of any Party to object to or resist discovery on any ground which would otherwise be available.

**18.** **Order Binding When Signed.** This Stipulation shall be binding on the Parties when signed regardless of whether or when the Court enters an Order thereon.

**19.** **Violation of Stipulation/Court Order.** In the event anyone shall violate or threaten to violate any term of this Stipulation or subsequent Court Order entered thereon, the Parties agree that the aggrieved Party may immediately apply to the Court in this action to seek relief against any such person violating or threatening to violate any of the terms of this Stipulation or any subsequent court Order entered thereon. The Parties and any other person subject to the terms of this Stipulation agree that this Court has jurisdiction of such person or Party, for the purpose of enforcing this Stipulation.

**IT IS SO STIPULATED AND AGREED.**

Dated: February 23, 2012

LAW OFFICE OF M. GREG MULLANAX

By: /s/ M. Greg Mullanax
M. GREG MULLANAX
Attorney for Plaintiff JUSTIN J. LERMA

Dated: February 23, 2012

SEYFARTH SHAW LLP

By: /s/ Andrea de Koning
FRANCIS J. ORTMAN, III
ANDREA DE KONING
Attorneys for Defendant URS FEDERAL SUPPORT SERVICES, INC.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



Dated: February __23__, 2012

DOWLING, AARON & KEELER, INC.

By: _/s/ Mark D. Kruthers_
MARK D. KRUTHERS
MATTHEW T. BESMER
Attorneys for Defendant JON LEE ARENDS

**II.**

**ORDER**

All of the parties to the above-captioned action having so stipulated, and GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that:

The above Stipulation Governing the Designation and Handling of Confidential Materials is made an Order of this Court.

2/28/2012 /s/Michael J. Seng

